# **EXHIBIT O**

Department of Health and Human Services
Office of the Secretary

## OFFICE OF MEDICARE HEARINGS AND APPEALS

Arlington Field Office
2550 South Clark Street, Suite 3001
Arlington, VA 22202
571-457-7200 (Main)
571-457-7270 (ALJ Gulin Team)
703-603-1812 (Fax)
866-231-3087 (Toll Free)

Date: June 6, 2019

Debra M. Parrish
788 Washington Road
Pittsburgh, PA 15228

## NOTICE OF DECISION

Appellant:            E. BANKS
OMHA Appeal Number:   Multiple Appeals (3)

Enclosed is the decision for the above case. This decision is based on the administrative record, including any evidence or testimony presented at the hearing, if one was held. The decision is not precedential, does not release the appellant from civil or criminal liability, and may be reopened at any time if it was procured by fraud or similar fault. In addition, the decision may be reopened within 180 calendar days from the date of the decision for good cause. Good cause exists when there is new and material evidence that was not available or known at the time of the decision and may result in a different conclusion, or when the evidence that was considered clearly shows on its face that an obvious error was made at the time of the decision.

### What if I disagree with the decision?

If you disagree with the decision, you may file an appeal with the Medicare Appeals Council. Other parties may also appeal the decision. In addition, the Medicare Appeals Council may decide to review the decision on its own motion. If no party appeals the decision and the Medicare Appeals Council does not review the decision, the decision is binding on all parties and you and the other parties will not have the right to ask a federal court to review the decision.

If you are not already represented, you may appoint an attorney or other person to represent you.

### How much time do I have to file an appeal?

The Medicare Appeals Council must receive your written appeal **within 60 calendar days** of the date that you receive this notice. The Medicare Appeals Council assumes you received this notice 5 calendar days after the date of the notice unless you show that you did not receive it within the 5-day period.

The Medicare Appeals Council will dismiss a late request for review unless you show that you had a good reason for not filing it on time.

### How do I file an appeal?

To appeal, you must ask the Medicare Appeals Council to review the decision. Your appeal must be in writing, except that a request for expedited review of a Part D decision may be made orally as described below. Your appeal must identify the parts of the decision that you disagree with, and explain why you disagree.

You may submit a written request for review to the Medicare Appeals Council using one of three available methods: mail, fax, or electronic filing (E-File). **Please do not submit your request for review using more than one method**. Regardless of how you file your appeal, **you must always send a copy of your written request for review to the other parties who received a copy of the decision.**

If you are filing a written request for review, you may use the enclosed *Request for Review* (form DAB-101), or you may write a letter containing the following:

- The beneficiary's/enrollee's name (and telephone number for Part D appeals);
- The beneficiary's/enrollee's Medicare number (Health Insurance Claim Number or Medicare Beneficiary Identifier);
- The item(s), service(s), or specific Part D drug(s) in dispute;
- The specific date(s) the item(s) or service(s) were provided, if applicable;
- For Part D appeals, the plan name;
- For Part D appeals, the OMHA Appeal Number on the adjudicator's decision;
- For Part D appeals requesting expedited review, a statement that you are requesting expedited review;
- The date of the adjudicator's decision (not required for Part D appeals); and
- Your name and signature, and, if applicable, the name and signature of your representative.

**Filing by mail:**

Mail your appeal and a copy of the enclosed decision to:

Department of Health and Human Services
Departmental Appeals Board
Medicare Appeals Council, MS 6127
Cohen Building Room G-644
330 Independence Ave., S.W.
Washington, D.C. 20201

**Filing by fax:**

Fax your appeal and a copy of the enclosed decision to **(202) 565-0227.**

**Filing by computer:**

Using your web browser, visit the Medicare Operations Division Electronic Filing System (MOD E-File) website at **https://dab.efile.hhs.gov/mod**.

To file a new appeal using MOD E-File, you will need to register by:

(1) Clicking **Register** on the MOD E-File home page;
(2) Entering the information requested on the "Register New Account" form; and
(3) Clicking **Register Account** at the bottom of the form.

You will use the email address and password you provided during registration to access MOD E-File at **https://dab.efile.hhs.gov/mod/users/new**. You will be able to use MOD E-File to file and access the specific materials for appeals to which you are a party or a party's representative. You may check the status of any appeal on the website homepage without registering.

Once registered, you may file your appeal by:

(1) Logging into MOD E-File;
(2) Clicking the **File New Appeal** menu button on the top right of the screen;
(3) Selecting the type of appeal you are filing (Request for Review or Request for Escalation); and
(4) Entering the requested Appeal Information and uploading the requested Appeal Documents on the "File New Appeal – Medicare Operations Division" form. You are required to provide information and documents marked with an asterisk.

At a minimum, the Medicare Appeals Council requires an appellant to file a signed Request for Review and a copy of the enclosed decision. All documents should be submitted in Portable Document Format (PDF) whenever possible. Any document, including a Request for Review, will be deemed to have been filed on a given day, if it is uploaded to MOD E-File on or before 11:59 p.m. EST of that day.

Currently, the documents that may be filed electronically are the:

(1) Request for Review;
(2) Appointment of Representative form (OMB Form 0938-0950);
(3) Copy of Administrative Law Judge or attorney adjudicator decision;
(4) Memorandum or brief or other written statement in support of your appeal; and
(5) Request to Withdraw your appeal

**No other documents aside from the five (5) listed categories above may be submitted through MOD E-File.**

**Filing by oral request (for expedited review only):**

Oral requests for expedited review of a Part D decision may be made by telephone to **(866) 365-8204.** You must provide the information listed in the bullet points above and a statement that you are requesting an expedited review within 60 calendar days after receipt of this notice of

decision. The Medicare Appeals Council will document the oral request in writing and maintain the documentation in the case file.

Please note that your request for review will only be expedited if (1) the appeal involves an issue specified in 42 C.F.R. § 423.566(b), but does not include solely a request for payment of a Part D drug that has already been furnished, and (2) the prescribing physician (or other prescriber) indicates, or the Medicare Appeals Council determines, that the standard time frame may seriously jeopardize your life, health, or ability to regain maximum function.

### How will the Medicare Appeals Council respond to my appeal?

The Medicare Appeals Council will limit its review to the issues raised in the appeal, unless the appeal is filed by an unrepresented beneficiary/enrollee. It may change the parts of the decision that you agree with. It may adopt, modify, or reverse the decision, in whole or in part, or it may send the case back to OMHA for further action. It may also dismiss your appeal.

### Questions?

You may call or write our office. A toll-free phone number and mailing address are at the top of this notice.

Additional information about filing an appeal with the Medicare Appeals Council is available at http://www.hhs.gov/dab/. You can also call the Medicare Appeals Council's staff in the Medicare Operations Division of the Departmental Appeals Board at (202) 565-0100 or (866) 365-8204 (toll free), if you have questions about filing an appeal.

cc:

    NOVOCURE INC.  
    195 Commerce Way  
    Portsmouth, NH 03801

    C2C Innovative Solutions, Inc.  
    DME QIC Appeals–ALJ  
    P.O. Box 44006  
    Jacksonville, FL 32231-4006

Enclosures:

    OMHA-152, Decision  
    OMHA-001, Notice of Nondiscrimination  
    DAB-101, Request for Review



**Department of Health and Human Services**
**OFFICE OF MEDICARE HEARINGS AND APPEALS**
Arlington Field Office
Arlington, Virginia

| Appellant: | E. BANKS<br>NOVOCURE, INC. | ALJ Appeal No.: | Multiple (See Attachment A |
|---|---|---|---|
| Beneficiary: | E. BANKS | Medicare Part B | |
| HICN: | *****MF21 | Before: | Jeffrey S. Gulin<br>U.S. Administrative Law Judge |

## DECISION

After considering the evidence and arguments presented in the record, a **FULLY FAVORABLE** decision is entered for the Appellant/Beneficiary.

## PROCEDURAL HISTORY

E. Banks ("Appellant/Beneficiary") and Novocure, Inc. ("Appellant/Provider") seek coverage for tumor treatment filed therapy ("TTFT") provided on the Dates of Service (**See Attachment A**). The Medicare Administrative Contractor ("MAC") denied coverage initially and on redetermination. Following denial, the Appellant requested reconsideration from a Qualified Independent Contractor ("QIC"). The QIC issued unfavorable reconsideration decisions and found Novocure, Inc. responsible for the non-covered amount.

The Appellant filed a timely request for an Administrative Law Judge ("ALJ") at the Office of Medicare Hearings and Appeals ("OMHA"). Attorney Debra Parrish provided argument for the Appellant. Nurse Julie Miles, RN and Clinical Appeals Specialist, was sworn in and provided testimony and/or argument for the Appellant. There were no objections and all exhibits in each case were admitted into the record. Under 42 C.F.R. § 405.1044(b)(1)(i), an ALJ may issue a consolidated decision following a consolidated hearing. This case involves the same Beneficiary and treatment with the same device (E0766) across several dates of service. The Appellant requested the multiple ALJ appeal numbers be grouped into one hearing and the undersigned ALJ issues a consolidated decision.

## ISSUES

1. Whether the Elec Stim Cancer Treatment (E0766) provided to the Beneficiary on the dates of service meet Medicare coverage criteria.

2. Whether the services provided are medically necessary under Section 1862(a)(1)(A) of the Social Security Act ("Act") and covered under Medicare.

3. If the services are found to be excluded from coverage under Section 1862(a)(1)(A), then another issue to be determined is whether payment may nevertheless be made to appellant under the limitation on liability provisions of Section 1879 of the Act.

## FINDINGS OF FACT

1. The Beneficiary initially presented in August of 2009 to his primary care physician with headaches, decreased vision on the right side, difficulty reading, and difficulty performing simple mathematics. An MRI showed mass and he underwent a left parietal occipital craniotomy resection. (File #1, Exh. 2, p. 31).

2. Chemotherapy was initially provided for glioblastoma multiforme from December 20, 2009 to September 7, 2011. (File #1, Exh. 2, p. 30). Avastin was re-initiated in December 2013 and he was prescribed Optune. (File #1, Exh. 2, pp. 3-4).

3. The attending physician directed continued Optune for glioblastoma on September 5, 2018 (Beneficiary File #1, Exh. 2, p. 4). An assessment of need is in the record and the device was provided on December 12, 2013. (File #1, Exh. 2, pp. 9, 23).

4. He continued using the TTFT as of November 1, 2018. (File #1, Exh. 2, pp. 30, 32). The MRI was stable compared to prior imaging and there was no evidence showing tumor recurrence. (File #1, Exh. 2, p. 33).

5. Nurse Miles testified how, in September 2009, he was diagnosed with glioblastoma and he received resection the same month to remove the tumor. He then received chemo radiation between September 18, 2009 and November 18, 2009. A second surgery was provided and recurrence followed. In December 2013, he started on Optune and was stable since June 21, 2018 up until May 9, 2019. The CMS medical directors indicate they intend to extend coverage based on a study from 2017. (Hearing CD).

6. Optune is a wearable, portable, FDA-approved device indicated to treat a type of brain cancer called glioblastoma muliforme (GBM) in adult patients 22 years of age or older. Optune, Frequently Asked Questions, at https://www.optune.com/resources/faqs.

7. National Comprehensive Care Network ("NCCN") guidelines recommend alternating electric field therapy for resection-able glioblastoma with a brain MRI. (File #1, Exh. 2, p. 40).

8. An article in the Journal of the American Medical Association ("JAMA") found TTFields prolongs progression-free and overall survival in patient with glioblastoma. (File #2, Exh. 2, pp. 38, 43). Another JAMA article shows progression-free survival from a trial with 695 randomized patients. (File #2, Exh. 2, p. 45). The description for JAMA is a peer reviewed publication with 10% acceptance rate of the more than 7,200 annual submissions; 4% acceptance of the 4,400 research papers. Journal of the American Medical Association ("JAMA"), Authors and About JAMA, Prompt Decisions and Rapid Publication Timelines, at https://jamanetwork.com/journals/jama/pages/for-authors.

9. An article in BioMed Central entitled "Chemotherapeutic treatment efficacy and sensitivity are increased by adjuvant alternating electric fields (TTFields)" findings from the study show combining chemotherapeutic cancer treatment with TTFields may increase chemotherapeutic efficacy and sensitivity without increasing treatment related toxicity. In newly diagnosed GBM patients, combining TTFields with Temozolomide treatment led to a progression free survival of 155 weeks and overall survival of 39+ months. (File #2, Exh. 2, p. 207).

10. BioMed Central describes itself as "an evolving portfolio of some 300 peer-reviewed journals, sharing discoveries from research communities in science, technology, engineering and medicine." BioMed Central ("BMC"), about, at https://www.biomedcentral.com/about.

11. The Society for NeuroOncology found a TTFields trial met its primary and main secondary endpoints. Adjuvant TMZ chemotherapy and NovoTFF provides a clinically and statistically significant improvement of progression-free and overall survival, and should become the new standard for care against GBM. (File # 3, Exh. 2, p. 98).

## LEGAL FRAMEWORK

### A. Jurisdiction/Scope of Review/Standard of Review

OMHA has jurisdiction to hear appeals of QIC reconsiderations. 42 C.F.R. § 405.1002. ALJ decisions bind parties unless the Medicare Appeals Council ("Council") reviews or the case is escalated to Federal district court. 42 C.F.R. § 405.1048. ALJ decisions are reviewed by the Council in accordance with §§ 405.980, 405.1110, and 405.1138.

The issues before the ALJ include issues brought out in the initial determination, redetermination, or reconsideration that were not decided entirely in the appellant's favor. 42 C.F.R. § 405.1032(a). The ALJ conducts *de novo* review and issues a decision based on the record. 42 C.F.R. § 405.1000(d).

## PRINCIPLES OF LAW

### A. Statutes and Regulations

Section 1831 establishes the Supplemental Medical Insurance Program for the aged and disabled under Medicare Part B. Section 1832 establishes the scope of benefits that are provided to beneficiaries under the Medicare Part B insurance program. Under § 1832(a)(2)(B), an individual is entitled to have payment made on his/her behalf for medical and other health services furnished by a provider of services or by others under arrangement with them made by a provider of services. (*See also* 42 CFR § 410.3). Section 1833(e) provides that "[n]o payment shall be made to any provider of services . . . unless there has been furnished such information as may be necessary in order to determine the amounts due such provider . . . ." (*See also* 42 CFR § 424.5(a)(6)).

Section 1862(a)(1)(A) of Title XVIII of the Social Security Act (SSA) excludes expenses incurred for items or services which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member.

Section 1861(s)(6) defines the term "medical and other health services." (*See also* 42 CFR § 410.10(h)). Also considered is 42 CFR § 414.200-232 implementing §§ 1834 (a) and (h) of the Act by specifying how payments are made for the purchase or rental of new and used durable medical equipment and prosthetic and orthotic devices for Medicare beneficiaries. Section 1862(a)(1)(A) provides that notwithstanding any other provision of the Act, no payment shall be made for any expenses incurred for items and services that are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member. (*See also* 42 CFR § 411.15(k)).

The Centers for Medicare & Medicaid Services (CMS), the federal agency that administers the Medicare program, has established a coding system for screening, processing, identifying, and paying Medicare claims—the Healthcare Common Procedure Coding System (HCPCS). The HCPCS incorporates codes developed by the American Medical Association, Current Procedure Terminology (CPT) codes, to identify and describe medical services and items. (*See* 42 C.P.R. §§ 414.2, 414.40).

### *B. National Coverage Determinations*

A National Coverage Determination ("NCD"), if applicable, is binding on the ALJ. 42 C.F.R. §405.1060(a)(4).

### *C. Policy and Guidance*

Section 1871(a)(2) of the Act states that unless promulgated as a regulation by Centers for Medicare and Medicaid Services ("CMS"), no rule, requirement, or statement of policy, other than an NCD, can establish or change a substantive legal standard governing the scope of benefits or payment for services under the Medicare program. See also 42 C.F.R. §405.860. However, in lieu of binding regulations with the full force and effect of law, CMS and its contractors have issued policy guidance that establishes criteria for coverage of selected types of medical items and services in the form of manuals and local coverage determinations ("LCDs"). <u>Administrative Law Judges are not bound by LCDs, but will give substantial deference to these policies when applicable. If an Administrative Law Judge does not follow a policy in a particular case, the Administrative Law Judge must explain why in the decision</u>. 42 C.F.R. §405.1062.

When a NCD or LCD or other directives are lacking, the adjudication process requires the Judge to determine coverage by performing the same review that Medicare contractors, according to the Medicare Program Integrity Manual (Publ. 100-08), Chapter 13.7.1, would perform when developing a LCD.

> Contractor LCDs shall be based on the strongest evidence available. The extent and quality of supporting evidence is key to defending challenges to LCDs. The initial action in gathering evidence to support LCDs shall always be a search of published scientific literature for any available evidence pertaining to the item/service in question. In order of preference, LCDs should be based on:
>
> - Published authoritative evidence derived from definitive randomized clinical trials or other definitive studies, and

- General acceptance by the medical community (standard of practice), as supported by sound medical evidence based on:

- Scientific data or research studies published in peer-reviewed medical journals;

- Consensus of expert medical opinion (i.e., recognized authorities in the field: or

- Medical opinion derived from consultations with medical associations or other health care experts.

<u>Local Coverage Determination L34823 entitled "Tumor Treatment Field Therapy" provides coverage guidance in this case</u>: Tumor treatment field therapy (E0766) will be denied as not reasonable and necessary. Policy Article A52711 provides further guidance by stating "in order for a beneficiary's equipment to be eligible for reimbursement the reasonable and necessary (R&N) requirements set out in the related Local Coverage Determination must be met." *December 1, 2015 is the original effective date for the LCD.*

## ANALYSIS

The issue is whether the TTFT provided to the Beneficiary on the Dates of Service meet Medicare coverage criteria.

Section 1833(e) of the Social Security Act precludes payment to any provider of services unless "there has been furnished such information as may be necessary in order to determine the amounts due such provider". It is expected that the patient's medical records will reflect the need for the care provided. The patient's medical records include the physician's office records, hospital records, nursing home records, home health agency records, records from other healthcare professionals and test reports. This documentation must be available upon request.

The initial action in gathering evidence to support LCDs shall always be a search of published scientific literature for any available evidence pertaining to the item/service in question. <u>In order of preference, LCDs should be based on general acceptance by the medical community (standard of practice), as supported by sound medical evidence based on scientific data or research studies published in peer-reviewed medical journals, consensus of expert medical opinion (i.e., recognized authorities in the field: or medical opinion derived from consultations with medical associations or other health care experts</u>. Medicare Program Integrity Manual ("MPIM") ch. 13 § 7.1.

Local Coverage Determination L34823 entitled "Tumor Treatment Field Therapy" provides coverage guidance in this case: Tumor treatment field therapy (E0766) will be denied as not reasonable and necessary. National Government Services, Inc. Local Coverage Determination L34823: Tumor Treatment Field Therapy ("TTFT") (L34823) (October 2017). Policy Article A52711 provides further guidance by stating "in order for a beneficiary's equipment to be eligible for reimbursement the reasonable and necessary (R&N) requirements set out in the

related Local Coverage Determination must be met." <u>Also, administrative law judges are not bound by LCDs, but will give substantial deference to these policies when applicable. If an administrative law judge does not follow a policy in a particular case, the administrative law judge must explain why in the decision. 42 C.F.R. § 405.1062.</u>

Attorney Parrish argued, in relevant part, how the Beneficiary had been on this device since September 2013 and there was recurrent glioblastoma. His life expectancy was 6 months and he is still here today and there is overwhelming evidence supporting the treatment. Nurse Miles testified how, in September 2009, he was diagnosed with glioblastoma and he received resection the same month to remove the tumor. He then received chemo radiation between September 18, 2009 and November 18, 2009. A second surgery was provided and he recurred again. In December 2013, he started on Optune and he was stable since June 21, 2018 up until May 9, 2019. Attorney Parrish argued again how the CMS medical directors indicate they intend to extend coverage based on a study from 2017. (Hearing CD).

The Medicare coverage requirements are met. The Beneficiary initially presented in August of 2009 to his primary care physician with headaches, decreased vision on the right side, difficulty reading, and difficulty performing simple mathematics. An MRI showed mass and he underwent a left parietal occipital craniotomy resection. (File #1, Exh. 2, p. 31). Also, chemotherapy was initially provided for glioblastoma multiforme from December 20, 2009 to September 7, 2011. (File #1, Exh. 2, p. 30). Avastin was re-initiated in December 2013 and he was prescribed Optune and the treatment continued as of September 5, 2018. (File #1, Exh. 2, pp. 3-4). Administrative law judges are not bound by LCDs, but must provide substantial deference. If an LCD is not followed, the ALJ must explain why in the decision. 42 C.F.R. § 405.1062. In this case, the undersigned declines to follow the LCD while also providing substantial deference. As described above, local coverage determination ("LCD") L34823 finds the TTFT not medically reasonable and necessary. <u>But, FDA findings and recent studies, including recent publications, from the medical community show treatment is beneficial to patients, such as the Appellant, and is medically reasonable and necessary. Further, attorney Parrish argued CMS medical directors have indicated a forthcoming decision to extend coverage using study results from 2017. (Hearing CD).</u> Taking the studies and testimony into consideration, the undersigned declines to follow the LCD while still providing substantial deference. It now must be determined if the services are medically reasonable and necessary under § 1862(a)(1)(A) of the Social Security Act for the Beneficiary/Appellant in these cases. Examining the process for how contractors make coverage decisions is helpful in establishing medical necessity for the service outside the determination. The initial action in gathering evidence to support LCDs shall always be a search of published scientific literature for any available evidence pertaining to the item/service in question. <u>In order of preference, LCDs should be based on general acceptance by the medical community (standard of practice), as supported by sound medical evidence based on scientific data or research studies published in peer-reviewed medical journals, consensus of expert medical opinion (i.e., recognized authorities in the field; or medical opinion derived from consultations with medical associations or other health care experts.</u> MPIM ch. 13 § 7.1. General acceptance in the medical community is supported by sound evidence based on scientific data or research studies. Optune is a wearable, portable, FDA-approved device indicated to treat a type of brain cancer called glioblastoma muliforme (GBM) in adult patients 22 years of age or older. https://www.optune.com/resources/faqs. A study published in JAMA, a peer-reviewed publication, found TTFields prolongs progression-free and overall survival in patients with glioblastoma. (File #2, Exh. 2, pp. 38, 43). Another JAMA article shows progression-free

survival from a trial with 695 randomized patients. (File #2, Exh. 2, p. 45). A BioMed Central article provides additional evidence supporting coverage. The article, entitled "Chemotherapeutic treatment efficacy and sensitivity are increased by adjuvant alternating electric fields (TTFields)" presented findings from a study showing combining chemotherapeutic cancer treatment with TTFields may increase chemotherapeutic efficacy and sensitivity without increasing treatment related toxicity. In newly diagnosed GBM patients, combining TTFields with Temozolomide treatment led to a progression free survival of 155 weeks and overall survival of 39+ months. (File #2, Exh. 2, p. 207). BioMed Central is also a peer-reviewed publication with "an evolving portfolio of some 300 peer-reviewed journals, sharing discoveries from research communities in science, technology, engineering and medicine." BioMed Central ("BMC"), about, at https://www.biomedcentral.com/about. Further general acceptance in the medical community and consensus is documented by electric field therapy inclusion in the NCCN guidelines for resection-able glioblastoma shown by brain MRI and by a study in the Society for NeuroOncology. (File #1, Exh. 2, p. 40; File #3, Exh. 2, p. 98). The Society for NeuroOncology found adjuvant TMZ chemotherapy and NovoTFF provides a clinically and statistically significant improvement of progression-free and overall survival. The society goes on to state the treatment should be the new standard of care for GBM. (File #3, Exh. 2, p. 98). Also, consensus of medical opinion between the Society for NeuroOncology and JAMA publications further meet the guidance in MPIM ch. 13 § 7.1 to support coverage. (File #2, Exh. 2, p. 40; File #3, Exh. 2, p. 98). The device is medically reasonable and necessary under § 1862(a)(1)(A) of the Social Security Act, even with substantial deference to the LCD, when further considering the potential for coverage in the near future and studies supporting use. (File #1, Exh. 2, p. 40, File #2, Exh. 2, pp. 45, 27; File #3, Exh. 2, p. 98; Hearing CD). The Medicare coverage requirements are met for the Elec Stim Cancer Treatment with Optune on the dates of service in each file.

The service is medically reasonable and necessary under Section 1862(a)(1)(A) of the Social Security Act. The Appellant is entitled to Medicare coverage for the Elec Stim Cancer Treatment (E0766) provided on the dates of service in each case file.

## CONCLUSIONS OF LAW

Accordingly and after careful consideration, there is sufficient evidence supporting the Elec Stim Cancer Treatment (E0766) provided on the dates of service meets Medicare coverage criteria. The service was medically reasonable and necessary as required by Section 1862(a)(1)(A) of the Act and the Appellant is entitled to Medicare coverage.

## ORDER

The Medicare Contractor is **DIRECTED** to process the appeal in accordance with this decision.

Dated: JUN - 6 2019

SO ORDERED.

_____
Jeffrey S. Gulin
U.S. Administrative Law Judge

| ATTACHMENT A: E. BANKS AND NOVOCURE INC. | | | | | |
|---|---|---|---|---|---|
| Beneficiary | File# | ALJ Number | DOS From | DOS To | Disposition |
| E. BANKS | 1 | 1-8498071113 | 11/12/2018 | 11/12/2018 | FAVORABLE |
| E. BANKS | 1 | 1-8498071113 | 12/12/2018 | 12/12/2018 | FAVORABLE |
| E. BANKS | 1 | 1-8498071113 | 1/12/2019 | 1/12/2019 | FAVORABLE |
| E. BANKS | 2 | 1-8428973391 | 8/12/2018 | 8/12/2018 | FAVORABLE |
| E. BANKS | 2 | 1-8428973391 | 9/12/2018 | 9/12/2018 | FAVORABLE |
| E. BANKS | 2 | 1-8428973391 | 10/12/2018 | 10/12/2018 | FAVORABLE |
| E. BANKS | 3 | 1-8501252025 | 2/12/2018 | 2/12/2018 | FAVORABLE |
| E. BANKS | 3 | 1-8501252025 | 5/12/2018 | 5/12/2018 | FAVORABLE |
| E. BANKS | 3 | 1-8501252025 | 6/12/2018 | 6/12/2018 | FAVORABLE |
| E. BANKS | 3 | 1-8501252025 | 7/12/2018 | 7/12/2018 | FAVORABLE |

DEPARTMENT OF HEALTH AND HUMAN SERVICES
OFFICE OF MEDICARE HEARINGS AND APPEALS

# NOTICE OF NONDISCRIMINATION

The Office of Medicare Hearings and Appeals (OMHA) complies with applicable Federal civil rights laws and does not discriminate on the basis of race, color, national origin, age, disability, or sex. OMHA does not exclude people or treat them differently because of race, color, national origin, age, disability, or sex.

OMHA:

- Provides free aids and services to people with disabilities to communicate effectively with us, such as:
    - Qualified sign language interpreters
    - TTY calls that are initiated by the caller through a public relay service
    - Written information in other formats (large print, audio, accessible electronic formats, other formats)

- Provides free language services to people whose primary language is not English, such as:
    - Qualified interpreters
    - Information written in other languages

If you need these services, contact (866) 207-4466.

If you believe that OMHA has failed to provide these services or discriminated in another way on the basis of race, color, national origin, age, disability, or sex, you can file a civil rights complaint with the U.S. Department of Health and Human Services, Office for Civil Rights, electronically through the Office for Civil Rights Complaint Portal, available at https://ocrportal.hhs.gov/ocr/portal/lobby.jsf or by mail or phone at:

> U.S. Department of Health and Human Services
> 200 Independence Avenue, SW
> Room 509F, HHH Building
> Washington, D.C. 20201
> 1-800-368-1019, 800-537-7697 (TDD)

Complaint forms are available at http://www.hhs.gov/ocr/office/file/index.html.

---

**ATENCIÓN**: si habla español, tiene a su disposición servicios gratuitos de asistencia lingüística. Llame al (866) 207-4466.

注意：如果您使用繁體中文，您可以免費獲得語言援助服務。請致電 (866) 207-4466.

OMHA-001 (10/2016)              Page 1 of 2

**PAUNAWA**: Kung nagsasalita ka ng Tagalog, maaari kang gumamit ng mga serbisyo ng tulong sa wika nang walang bayad. Tumawag sa (866) 207-4466.

**CHÚ Ý**: Nếu bạn nói Tiếng Việt, có các dịch vụ hỗ trợ ngôn ngữ miễn phí dành cho bạn. Gọi số (866) 207-4466.

**ATTENTION**: Si vous parlez français, des services d'aide linguistique vous sont proposés gratuitement. Appelez le (866) 207-4466.

ملحوظة: إذا كنت تتحدث اذكر اللغة، فإن خدمات المساعدة اللغوية تتوافر لك بالمجان. اتصل برقم 4466-207 (866)

주의: 한국어를 사용하시는 경우, 언어 지원 서비스를 무료로 이용하실 수 있습니다. (866) 207-4466 번으로 전화해 주십시오.

**ACHTUNG**: Wenn Sie Deutsch sprechen, stehen Ihnen kostenlos sprachliche Hilfsdienstleistungen zur Verfügung. Rufnummer: (866) 207-4466.

**ВНИМАНИЕ**: Если вы говорите на русском языке, то вам доступны бесплатные услуги перевода. Звоните (866) 207-4466.

**ATANSYON**: Si w pale Kreyòl Ayisyen, gen sèvis èd pou lang ki disponib gratis pou ou. Rele (866) 207-4466.

ध्यान दें: यदि आप हिंदी बोलते हैं तो आपके लिए मुफ्त में भाषा सहायता सेवाएं उपलब्ध हैं। (866) 207-4466 पर कॉल करें।

**ATENÇÃO**: Se fala português, encontram-se disponíveis serviços linguísticos, grátis. Ligue para (866) 207-4466.

**ATTENZIONE**: In caso la lingua parlata sia l'italiano, sono disponibili servizi di assistenza linguistica gratuiti. Chiamare il numero (866) 207-4466.

**UWAGA**: Jeżeli mówisz po polsku, możesz skorzystać z bezpłatnej pomocy językowej. Zadzwoń pod numer (866) 207-4466.

خبردار: اگر آپ اردو بولتے ہیں، تو آپ کو زبان کی مدد کی خدمات مفت میں دستیاب ہیں۔ کال کریں 4466-207 (866)

---

**If you need large print, please call 1-866-207-4466**

---

OMHA-001 (10/2016)          Page 2 of 2

| DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS) / DEPARTMENTAL APPEALS BOARD | Form DAB-101 (08/09) |
|---|---|

REQUEST FOR REVIEW OF ADMINISTRATIVE LAW JUDGE (ALJ) MEDICARE DECISION / DISMISSAL

| 1. APPELLANT (the party requesting review) | 2. ALJ APPEAL NUMBER (on the decision or dismissal) |
|---|---|
| 3. BENEFICIARY* | 4. HEALTH INSURANCE CLAIM NUMBER (HICN)* |

*If the request involves multiple claims or multiple beneficiaries, attach a list of beneficiaries, HICNs, or other information to identify all claims being appealed.

| 5. PROVIDER, PRACTITIONER, OR SUPPLIER | 6. SPECIFIC ITEM(S) OR SERVICE(S) |
|---|---|

7. Medicare claim type: ☐ Part A    ☐ Part B    ☐ Part C - Medicare Advantage
   ☐ Part D - Medicare Prescription Drug Plan    ☐ Entitlement/enrollment for Part A or Part B

8. Does this request involve authorization for an item or service that has not yet been furnished?
   ☐ Yes    If Yes, skip to Block 8.
   ☐ No     If No, Specific Dates of Service:

9. If the request involves authorization for a prescription drug under Medicare Part D, would application of the standard appellate timeframe seriously jeopardize the beneficiary's life, health, or ability to regain maximum function (as documented by a physician) such that expedited review is appropriate? ☐ Yes    ☐ No

I request that the Medicare Appeals Council review the ALJ's ☐ decision or ☐ dismissal order [check one] dated _____. I disagree with the ALJ's action because (specify the parts of the ALJ's decision or dismissal you disagree with and why you think the ALJ was wrong):

_____
_____
_____

(Attach additional sheets if you need more space)

PLEASE ATTACH A COPY OF THE ALJ DECISION OR DISMISSAL ORDER YOU ARE APPEALING.

| DATE | DATE |
|---|---|
| APPELLANT'S SIGNATURE (the party requesting review) | REPRESENTATIVE'S SIGNATURE (include signed appointment if not already submitted.) |
| PRINT NAME | PRINT NAME |
| ADDRESS | ADDRESS |
| CITY, STATE, ZIP CODE | CITY, STATE, ZIP CODE |

| TELEPHONE NUMBER | FAX NUMBER | E-MAIL | TELEPHONE NUMBER | FAX NUMBER | E-MAIL |
|---|---|---|---|---|---|

(SEE FURTHER INSTRUCTIONS ON PAGE 2)

Form DAB-101 (08/09)

If you have additional evidence, submit it with this request for review. If you need more time, you must request an extension of time in writing now, explaining why you are unable to submit the evidence or legal argument now.

*If you are a provider, supplier, or a beneficiary represented by a provider or supplier, and your case was reconsidered by a Qualified Independent Contractor (QIC), the Medicare Appeals Council will not consider new evidence related to issues the QIC has already considered unless you show that you have a good reason for submitting it for the first time to the Medicare Appeals Council.*

**IMPORTANT: Include the HICN and ALJ Appeal Number on any letter or other material you submit.**

This request must be received within 60 calendar days after you receive the ALJ's decision or dismissal, unless we extend the time limit for good cause. We assume you received the decision or dismissal 5 calendar days after it was issued, unless you show you received it later. If this request will not be received within 65 calendar days from the date on the decision or dismissal order, please explain why on a separate sheet.

You must file your request for review in writing with the Medicare Appeals Council at:

Department of Health and Human Services
Departmental Appeals Board
Medicare Appeals Council, MS 6127
Cohen Building Room G-644
330 Independence Ave., S.W.
Washington, D.C. 20201

You may send the request for review by U.S. Mail, a common carrier such as FedEx, or by fax to (202) 565-0227. If you send a fax, please do not also mail a copy. ***You must send a copy of your appeal to the other parties and indicate that all parties, to include all beneficiaries, have been copied on the request for review. For claims involving multiple beneficiaries, you may submit a copy of the cover letters issued or a spreadsheet of the beneficiaries and addresses who received a copy of the request for review.***

If you have any questions about your request for review or wish to request expedited review of a claim involving authorization of your prescription drug under Medicare Part D, you may call the Medicare Appeals Council's staff in the Medicare Operations Division of the Departmental Appeals Board at (202) 565-0100. You may also visit our web site at www.hhs.gov/dab for additional information on how to file your request for review.

---

**PRIVACY ACT STATEMENT**

The collection of information on this form is authorized by the Social Security Act (section 205(a) of title II, section 702 of title VII, section 1155 of Title XI, and sections 1852(g)(5), 1869(b)(1), 1871, 1872, and 1876(c)(5)(B) of title XVIII, as appropriate). The information provided will be used to further document your claim. Information requested on this form is voluntary, but failure to provide all or any part of the requested information may affect the determination of your claim. Information you furnish on this form may be disclosed by the Department of Health and Human Services or the Social Security Administration to another person or governmental agency only with respect to programs under the Social Security Act and to comply with Federal laws requiring the disclosure of information or the exchange of information between the Department of Health and Human Services, the Social Security Administration, or other agencies.