IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY WILMOTH, JR. *et al.*, | |
| *Plaintiffs,* | |
| v. | Civ. A. No. 19-3556-RCL |
| Alex M. Azar II, in his official capacity as Secretary of the United States Department of Health and Human Services, | |
| *Defendant*. | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, Alex M. Azar II, by his undersigned counsel, hereby moves pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for dismissal of this action for improper venue. The grounds for the aforementioned motion are set forth in the Memorandum in Support of Defendant's Motion to Dismiss. A proposed Order is also attached.

Dated: January 23, 2020

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: */s/ John Moustakas*
John Moustakas, D.C. Bar #442076
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROY WILMOTH, JR. *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Alex M. Azar II, in his official capacity as Secretary of the United States Department of Health and Human Services, <br><br> *Defendant*. | Civ. A. No. 19-3556-RCL |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR IMPROPER VENUE**

The Secretary of the Department of Health and Human Services ("HHS"), pursuant to Fed. R. Civ. P. 12(b)(3), moves to dismiss Plaintiffs' Complaint for improper venue.

Plaintiffs appeal from HHS's denial of certain claims for Medicare benefits. Plaintiffs allege that they have fully exhausted their administrative remedies and that this Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1395ff. Compl. ¶ 5. Section 405(g) provides that such an appeal "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." *Id.* According to the Complaint, Plaintiff Wilmoth resides in Mississippi, Plaintiff Banks resides in Alabama, and Plaintiff Piekanski resides

in Pennsylvania. *Id.* ¶¶ 7-9. Because each Plaintiff resides out-of-state, venue in the District of Columbia is improper, and this case should be dismissed.

## I. BACKGROUND

### A. "Reasonable and Necessary" Medicare Expenses

Medicare is a federal health insurance program for people who are elderly and/or have disabilities. *See* 42 U.S.C. § 1395. For a medical service to be covered by Medicare, it must fit within a benefit category defined by the Medicare statute. *Id.*

This case concerns Medicare Part B, which covers "medical and other health services." *See* 42 U.S.C. § 1395k. The various benefit categories available under Medicare Part B are set forth in 42 C.F.R. part 410, which defines the outer limit on categories of benefits that Medicare may cover. Almost all Medicare coverage determinations are subject to 42 U.S.C. § 1395y(a)(1)(A), which excludes certain items from coverage. Under this section, "no payment may be made under . . . part B of this subchapter for any expenses incurred for items or services[] which . . . are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member . . . ." 42 U.S.C. § 1395y(a)(1)(A). Unless there is an exception, this bar applies "[n]othwithstanding any other provision" of the Medicare statute. 42 U.S.C. § 1395y(a)(1)(A).

There is no presumption that payment will be made for any service in any particular case. As the Supreme Court has stated, "The Secretary's decision as to whether a particular medical service is 'reasonable and necessary' and the means by which [the Secretary] implements [the] decision, whether by promulgating a generally applicable rule or by allowing individual adjudication, are clearly discretionary functions." *Heckler v. Ringer*, 466 U.S. 602, 617 (1984).

## B. The Administrative Appeal Process

In order for a beneficiary to challenge a denial of a claim under the Medicare statute, he must submit a claim for payment, and if the claim is denied, the beneficiary must generally exhaust the following four levels of administrative review before filing suit in district court: First, the beneficiary may seek a redetermination from the Medicare contractor, which must be performed by a person who did not make the initial decision. 42 U.S.C. § 1395ff(a)(3); 42 C.F.R. § 405.940, *et seq*. At the second level, a beneficiary may seek reconsideration by a qualified independent contractor whose panel members must have "sufficient medical, legal, and other expertise, including knowledge of the Medicare program." 42 U.S.C. § 1395ff(c); 42 C.F.R. § 405.968(c)(1). At the third level, a beneficiary can request a hearing before an administrative law judge ("ALJ"). 42 U.S.C. § 1395ff(d); 42 C.F.R. § 405.1002. Finally, the administrative process ends in a review of the ALJ's decision by the Medicare Appeals Council (the "Council"), which receives briefs and may entertain oral argument. 42 U.S.C. §§ 1395ff(b)(1)(A), (d)(2); 42 C.F.R. §§ 405.902, 405.1100, *et seq*. The Council's decision is the Secretary's final decision and is judicially reviewable. 42 U.S.C. §§ 1395ff(b)(1)(A), (d)(2)(A); 42 C.F.R. § 405.1136.

## C. Plaintiffs' Claims and Administrative Exhaustion

Plaintiffs filed claims for Medicare coverage of the Optune system for treatment of glioblastoma multiforme. Compl. ¶¶ 17, 28, 35, 46. Plaintiffs allege that they have fully exhausted their administrative remedies. In particular, Plaintiff Wilmoth alleges that, on October 15, 2019, the Council denied his claim. *Id.* ¶ 30. Plaintiffs Piekanski and Banks allege that the ALJ decisions denying their claims became final when the Council did not timely respond to their notices of escalation. *Id.* ¶¶ 37, 48.

### D. Subject Matter Jurisdiction and Venue

Except for conducting judicial review of the Secretary's final decision according to 42 U.S.C. § 405(g), a court is barred from jurisdiction over any issues or claims arising under the Medicare Act. *See* 42 U.S.C. § 1395ii (incorporating the Social Security Act's jurisdictional bar, 42 U.S.C. § 405(h), that "[n]o action . . . shall be brought under section 1331 or 1346 of Title 28 . . ." "except as herein provided"); *Heckler v. Ringer*, 466 U.S. 602, 617 (1984). Here, Plaintiffs allege that the Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1395ff. Compl. ¶ 5.

Section 405(g) contains an explicit venue requirement. Any appeal from a final decision of the Secretary "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." *Id.*; *see also* 42 U.S.C. § 1395ff(b)(1)(A) (incorporating § 405(g)). None of the Plaintiffs reside in Washington, D.C.; and, according to the Complaint, each resides in a judicial district where his or her case can, and therefore must, be brought: Wilmoth (MS), Banks (AL), and Piekanski (PA). *Id.* ¶¶ 7-9.

### E. Plaintiff's Assertion of Venue

Although Plaintiffs allege jurisdiction under § 405, they assert that venue is proper under 42 U.S.C. § 1395ff(b)(2)(C)(iii). Section 1395ff(b)(2), however, is limited to cases seeking "expedited access to judicial review" and is inapposite here. In order to claim jurisdiction under § 1395ff(b)(2), the following requirements must be met, among others:

> 1. A claimant requests that a "review entity," which is made up of three ALJs or members of the Department Appeals Board, makes a determination that the "Departmental Appeals Board does not have the authority to decide the question of

    law or regulation relevant to the matters in controversy and that there is no material issue of fact in dispute." 42 U.S.C. § 1395ff(b)(2)(A), (D); 42 C.F.R. § 405.990(d).

2. The claimant's request satisfies certain content requirements (42 C.F.R. § 405.990(c)) and is brought at the appropriate stage of the administrative appeal (*id.* § 405.990(b)).

3. The "review entity" certifies to the Council that "there are no material issues of fact in dispute and that the only issues to be adjudicated are ones of law or regulation that the Departmental Appeals Board does not have authority to decide" or fails to make a prompt determination. 42 U.S.C. §1395ff(b)(2)(C)(i); 42 C.F.R. § 405.990(a)(2)).

4. The claimant files a timely action in federal court following the "review entity's" certification or failure to make a prompt determination. 42 U.S.C. §1395ff(b)(2)(C)(ii); 42 C.F.R. § 405.990(a)(2)).

If, and only if, each of the above requirements (as well as others in the statute and regulation) are satisfied, then the action "shall be brought in the district court of the United States for the judicial district in which the appellant is located (or, in the case of an action brought jointly by more than one applicant, the judicial district in which the greatest number of applicants are located) or in the District Court for the District of Columbia." 42 U.S.C. § 1395ff(b)(2)(C)(iii).

    Plaintiffs, however, do not allege that any of the statutory and regulatory prerequisites for venue under § 1395ff(b)(2)(C)(iii) are present here.

## II. LEGAL STANDARD

    Under Federal Rule of Civil Procedure 12(b)(3), a defendant may, at the lawsuit's outset, test whether the plaintiff "has brought the case in a venue that the law deems appropriate." *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006). "If the plaintiff's chosen forum is an improper venue under applicable statutes, or is otherwise inconvenient, the Court may dismiss the action or transfer the case to a district where venue would be proper or more convenient." *Id.* (citing 28 U.S.C. § 1406 (providing for dismissal or transfer when venue is defective)). The plaintiff "'bears the burden of establishing that venue is proper,'" *Varma v. Gutierrez*, 421 F.

Supp. 2d 110, 113 (D.D.C. 2006) (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)), and must offer more than mere legal conclusions. *Wilson v. Obama*, 770 F. Supp. 2d 188, 190 (D.D.C. 2011).

### III.  ARGUMENT

#### A.  Under Section 405(g), Venue in the District of Columbia is Improper

Because each Plaintiff resides out-of-state, venue in the District of Columbia is improper. Section 405(g) requires that Plaintiffs file their respective appeals in the judicial districts where they reside:  Wilmoth in Mississippi, Banks in Alabama, and Piekanski in Pennsylvania. Compl. ¶¶ 7-9. Courts routinely find venue improper when § 405(g) appeals are filed outside of a plaintiff's district of residence. *See, e.g.*, *Michener v. Saul*, No. 18-1657, 2019 WL 3238582, at *3 (D.D.C. July 18, 2019) ("Here, [plaintiff] resides in the Northern District of California, and there is no allegation that she has a principal place of business elsewhere. Venue is therefore improper in the District of Columbia.") (citation omitted); *Jones v. United States*, 813 F. Supp. 2d 210, 213-14 (D.D.C. 2011) (finding that venue was improper because plaintiff resided in Ohio); *Mazaleski v. Sullivan*, No. 91-2455, 1992 WL 205095, at *2 (D.D.C. Aug. 7, 1992) (finding that venue was improper because plaintiff resided in Maryland); *see also, e.g.*, *John B. v. Commissioner, Social Security Admin.*, No. SAG-19-1955, 2019 WL 6879776, at *2 (D. Md. Dec. 17, 2019) (finding that venue was improper because plaintiff resided in Kentucky).

Because it is undisputed that this action arises under § 405(g), and no Plaintiff resides in the District of Columbia, venue is improper and this action should be dismissed.

#### B.  Plaintiff's Assertion of Venue under Section 1395ff(b)(2)(C)(iii) is Misplaced

Although Plaintiff alleges venue in this district under § 1395ff(b)(2)(C)(iii), no Plaintiff ever requested expedited access to judicial review during agency proceedings pursuant to the

requirements of the applicable statute and regulation. *See* 42 U.S.C. § 1395ff(b)(2)(C); 42 C.F.R. § 405.990. It follows that the "review entity" never certified that the "Departmental Appeals Board does not have the authority to decide the question of law or regulation relevant to the matters in controversy and that there is no material issue of fact in dispute." 42 U.S.C. § 1395ff(b)(2)(A), (D); 42 C.F.R. § 405.990(d). Because none of the prerequisites for expedited judicial review are present, the venue provision in § 1395ff(b)(2)(C)(iii) is inapposite. Accordingly, Plaintiffs have not – and cannot – meet their burden to show that venue is proper in this district.

### C. Alternatively, Plaintiffs' Claims May be Severed from One Another and Transferred to their Respective Districts of Residence

As discussed above, the Complaint should be dismissed because no Plaintiff resides in the District of Columbia. Although transfer generally may be an alternative to dismissal, in this case, all three Plaintiffs cannot be transferred to any single district in which the case "could have been brought," because two Plaintiffs would still be in the wrong venue. 28 U.S.C. § 1406(a). For example, if the Complaint were transferred to Mississippi, venue for Plaintiffs Banks and Piekanski would still be improper under § 405(g).

As an alternative to dismissal, the Court may, in its discretion, sever Plaintiffs' claims into three separate cases and transfer each Plaintiff to his or her district of residence. *See* Fed. R. Civ. P. 21 ("The court may also sever any claim against a party."); *Pinson v. U.S. Dep't of Justice*, 74 F. Supp. 3d 283, 288 (D.D.C. 2014) ("Before electing to transfer a claim, the court must first sever the relevant claims into separate cases, so that one may be transferred in its entirety.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed under Fed. R. Civ. P. 12(b)(3).

Dated: January 23, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　JESSIE K. LIU, D.C. Bar # 472845
　　　　　　　　　　　　　　　　　　　　United States Attorney for the District of Columbia

　　　　　　　　　　　　　　　　　　　　DANIEL F. VAN HORN, D.C. Bar # 924092
　　　　　　　　　　　　　　　　　　　　Chief, Civil Division

　　　　　　　　　　　　　　　　　　By:  */s/ John Moustakas*
　　　　　　　　　　　　　　　　　　　　John Moustakas, D.C. Bar #442076
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　　(202) 252-2518
　　　　　　　　　　　　　　　　　　　　john.moustakas@usdoj.gov

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*

　　　　　　　　　　　　　　　　　　　　Robert P. Charrow
　　　　　　　　　　　　　　　　　　　　General Counsel

　　　　　　　　　　　　　　　　　　　　Michele L. Purdue
　　　　　　　　　　　　　　　　　　　　Acting Chief Counsel, Region III

　　　　　　　　　　　　　　　　　　　　Eric S. Wolfish
　　　　　　　　　　　　　　　　　　　　Assistant Regional Counsel
　　　　　　　　　　　　　　　　　　　　Office of the General Counsel, Region III
　　　　　　　　　　　　　　　　　　　　U.S. Department of Health and Human Services
　　　　　　　　　　　　　　　　　　　　801 Market Street, Suite 9700
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19107-3134
　　　　　　　　　　　　　　　　　　　　Eric.Wolfish@hhs.gov

　　　　　　　　　　　　　　　　　　　　*Of Counsel*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROY WILMOTH, JR. *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>Alex M. Azar II, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>*Defendant*. | Civ. A. No. 19-3556-RCL |

## **ORDER**

Upon consideration of Defendant's Motion to Dismiss Complaint for Improper Venue, Fed. R. Civ. P. 12(b)(3), it is hereby ORDERED that the Motion to Dismiss is GRANTED.

DATE: _____     _____
                              UNITED STATES DISTRICT JUDGE