# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY WILMOTH, JR. *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Alex M. Azar II, in his official capacity as Secretary of the United States Department of Health and Human Services, <br><br> *Defendant*. | Civ. A. No. 19-3556-RCL |

## DEFENDANT'S MOTION TO STAY PENDING RULING ON MOTION TO DISMISS

Defendant Alex M. Azar II, in his official capacity as Secretary of the Department of Health and Human Services ("HHS"), moves to stay all proceedings pending the Court's ruling on its motion to dismiss for improper venue [ECF No. 11]. Defendant has sought, but not yet received, Plaintiff's consent to the motion, which we now file in the interest of time.[1]

HHS's motion to dismiss argues that venue is improper in this district under the plain language of the statute that Plaintiffs' rely upon for jurisdiction – 42 U.S.C. § 405(g). Meanwhile, HHS's deadline to answer Plaintiffs' Complaint, serve a copy of the administrative record upon Plaintiffs, and oppose Plaintiffs' motion for summary judgment is on February 28, 2020 (the "Scheduling Order") [ECF No. 10]. Because HHS's motion to dismiss will not be fully briefed

---

[1] Defendant has sought Plaintiff's consent to the filing of this motion by emails dated January 24, 27 and 28, 2020. Although Plaintiffs have timely responded to these requests, they have indicated that they are continuing to consider the request. As such, we are hopeful that they will either eventually consent, or elect not to oppose. While Defendant would have preferred to await a definitive answer, given the multiple deadlines and the stakes at issue, moving forward seemed the most prudent course.

until mid-February, Defendant would be forced to expend substantial resources – already deeply stretched[2] – in order to meet these deadlines before the Court has an opportunity to determine, as HHS alleges, that this case should never have been brought in the District of Columbia in the first place.

Consequently, HHS respectfully submits that the most appropriate and efficient way to proceed is for the Court to first address venue, and potential transfer, before requiring HHS to respond to Plaintiffs' Complaint and summary judgment motion. Briefing on the merits will be unnecessary if the Court grants HHS's motion to dismiss. These efficiency gains certainly outweigh any slight delay caused by granting HHS's motion to stay, pursuant to which it will (if necessary) satisfy the deadlines listed in the Scheduling Order within 30 days of the Court's resolution of its motion to dismiss.[3]

Granting HHS's motion to stay will thus conserve the parties' and the Court's resources by potentially avoiding unnecessary briefing, will cause minimal delay (if any) in the ultimate resolution of this case, and is consistent with this Court's primary duty to assure itself of venue before proceeding to the merits. Accordingly, HHS respectfully requests that the Court stay all proceedings until after resolution of its motion to dismiss.

---

[2] The caseloads of Assistant United States Attorneys handling defensive litigation in the Civil Division of the United States for the District of Columbia are in the vicinity of 90 active cases.

[3] Even if the eventual result of HHS's motion is a transfer to an appropriate venue, a stay of all other proceedings pending that determination remains appropriate. The government's resources are especially taxed in this District (by way of one example, there are more Freedom of Information Act cases pending in this district than in all other 93 federal districts ***combined***), making an unnecessary expenditure of scare resources that could be committed to matters properly before our Court doubly damaging. Moreover, substantive, strategic and tactical decisions about how to litigate the case(s) should be committed to the judgment of those lawyers who will be charged with defending the case – Assistant United States Attorneys in the district(s) where venue is proper.

## BACKGROUND

Plaintiffs filed claims for Medicare coverage of the Optune system for treatment of glioblastoma multiforme and appeal from HHS's denial of certain claims. Compl. ¶¶ 17, 28, 35, 46. [ECF No. 1] Plaintiffs filed their motion for summary judgment simultaneously with their Complaint. [ECF No. 2] Plaintiffs' summary judgment motion raises a number of complex issues, including whether HHS may be collaterally estopped from denying Plaintiffs' claims for Medicare coverage, and whether HHS's denials of Plaintiffs' claims were arbitrary and capricious. *Id.*

On January 23, 2020, HHS moved to dismiss the Complaint for improper venue. [ECF No. 11] Pursuant to the Local Rules, HHS's motion to dismiss will not be fully briefed until February 18, 2020. LCvR 7. Meanwhile, under the Scheduling Order, HHS's deadline to answer Plaintiff's Complaint, serve a copy of the administrative record upon Plaintiffs, and oppose Plaintiffs' motion for summary judgment is on February 28, 2020. [ECF No. 10]

## ARGUMENT

This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the "inherent power to control the sequence in which it hears matters on its calendar." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). In particular, when two parties present separate motions, the Court may first consider a motion that "addresses a specific and narrow issue" rather than a motion that "encompass[es] issues far broader." *United States v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C. 1994), *aff'd*, 46 F.3d at 1207 n.7 ("[T]he [district] court's explanation amply supports its exercise of discretion.").

In this case, the interests of efficiency and judicial economy favor resolution of the motion to dismiss before proceeding on Plaintiffs' motion for summary judgment.  Until this Court rules on venue, HHS "should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding." *United Transp. Serv. Employees of Am., CIO v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949).  Neither the Court's nor the parties' time is well-served by engaging in a "struggle over the substance of the suit" when a motion to dismiss is pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007).  "Thus, in the interest of judicial economy, Courts will stay summary judgment briefing pending the resolution of a motion to dismiss." *West Virginia ex rel. Morrisey v. U.S. Dep't of Health & Human Servs.*, No. 14-1287, 2014 WL 12803229, at *1-2 (Nov. 3, 2014).

Because HHS's motion, if granted, would put an end to this litigation, to require the parties and the Court to address the substance of Plaintiff's summary judgment motion at this time would be an inefficient use of resources.  Nothing in Rule 56 justifies such waste.  In fact, the Advisory Committee notes for Rule 56 actually *encourage* courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case:

> Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had.  Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case.

Fed. R. Civ. P. 56 advisory committee's note (2010 amendments).

Recognizing the wisdom of the Advisory Committee's caution, district courts routinely defer consideration of motions for summary judgment while motions to dismiss remain pending.

*See, e.g.*, *Freedom Watch v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing.]"); *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, No. 11-202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("[St]aying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that the court stayed summary judgment briefing pending its ruling on motion to dismiss).

    A stay is also appropriate because the certified administrative record will not be available until March 13, 2020.  *See* Declaration of Angela K. Roach, Executive Director and Administrative Appeals Judge at the Medicare Operations Division of the Departmental Appeals Board (hereinafter "Roach Decl."), attached as Exhibit 1 hereto.  As Judge Roach explains, the Medicare Operations Division is facing an "unprecedented number of appeals" and cannot "expedite the process for certifying the administrative record in this case."  Roach Decl. ¶¶ 4, 8.  HHS should not be forced to brief the merits of this case without having the benefit of a fully compiled administrative record.  *See Styrene Info. & Research Ctr. v. Sebelius*, 851 F. Supp. 2d 57, 67 (D.D.C. 2012) ("judicial review under the APA is confined to the 'full administrative record that was before the Secretary at the time he made his decision.'") (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *West Virginia ex rel. Morrisey*, 2014 WL 12803229, at *1-2 (granting motion to stay and noting that "absent the production of the administrative record, further summary judgment briefing in this matter would be premature").

While the undue burden and inefficiencies of proceeding simultaneously on both tracks is plain, a stay is further justified by the absence of a meaningful countervailing harm to Plaintiffs' interests.  By contrast to the specific and concrete prejudices that HHS would suffer as a result of briefing Plaintiffs' premature motion for summary judgment, delaying the briefing on that motion would not cause Plaintiffs to suffer any prejudice.

First, granting HHS's motion to stay may not even delay the ultimate resolution of this case.  As discussed above, HHS believes that its motion to dismiss will dispose of the case entirely.  Even if the motion to dismiss is denied, however, HHS is proposing a schedule to ensure the prompt disposition of this case:  HHS will adhere to the deadlines in the Scheduling Order within 30 days of any denial of its motion to dismiss.  Thus, any delay in the ultimate resolution of this case would be minimal.

Second, any minimal delay will not cause the Plaintiffs to suffer any prejudice.  Although Plaintiffs claims were denied, Plaintiffs are not personally liable for the costs of the Optune device.  *See* 42 U.S.C. § 1395pp(a); *see, e.g.*, Plaintiffs' Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, at Exhibit D [ECF No. 2-6] at 14 (noting that Novocure, Inc. is liable for the non-covered service as to Plaintiff Wilmoth); Exhibit J [ECF No. 2-12] at 12 (same as to Plaintiff Piekanski); and Exhibit N [ECF No. 2-16] at 17 (same as to Plaintiff Banks).  Accordingly, granting HHS's motion to stay would not impose a financial hardship upon Plaintiffs.

## **CONCLUSION**

For foregoing reasons, HHS respectfully requests that the Court stay all proceedings – and vacate its January 9, 2020, Order – pending a decision on its motion to dismiss for improper venue.  Should the motion be denied, HHS requests that the Court issue an order making due

thirty (30) days therefrom (1) HHS's Answer, (2) service of a copy of the administrative record upon Plaintiffs, and (3) HHS's opposition to Plaintiffs' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, HHS's motion to stay should be granted and the current deadlines for production of the administrative record, response to the complaint and opposition to summary judgment [ECF No. 10] should be vacated pending resolution of Defendant's Motion to Dismiss for Improper Venue.

Dated: January 28, 2020

Respectfully submitted,

JESSIE K. LIU, D.C. Bar # 472845
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: */s/ John Moustakas*
John Moustakas, D.C. Bar #442076
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for Defendants*

Robert P. Charrow
General Counsel

Michele L. Purdue
Acting Chief Counsel, Region III

Eric S. Wolfish
Assistant Regional Counsel
Office of the General Counsel, Region III
U.S. Department of Health and Human Services
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
Eric.Wolfish@hhs.gov
*Of Counsel*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROY WILMOTH, JR. *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>Alex M. Azar II, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>*Defendant*. | Civ. A. No. 19-3556-RCL |

## **(PROPOSED) ORDER**

Upon consideration of Defendant's Motion for Stay, and the entire record herein, it is hereby

**ORDERED** that, for good cause shown, the Motion is GRANTED and the Court' January 9, 2020, Order [ECF No. 10] setting forth deadlines for Defendant to Produce the Administrative Record, Respond to Complaint and Motion for Summary Judgment is VACATED pending resolution of Defendant's Motion to Dismiss for Improper Venue.

**SO ORDERED.**

_____                              _____

**Date**                                                                     **United States District Judge**