IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY WILMOTH, JR., *et al.*,<br><br>　*Plaintiffs,*<br><br>　v.<br><br>ALEX AZAR, in his capacity as Secretary of the United States Department of Health and Human Services,<br><br>　*Defendant.* | Case No. 19-cv-03556-RCL |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs Roy Wilmoth, Jr., Edwin R. Banks, and Maureen Piekanski (collectively, "Plaintiffs"), by and through undersigned counsel, file their opposition to the Secretary's motion to dismiss. For the reasons set forth below, Plaintiffs' cases should be severed from each other and the cases transferred to their respective districts.

### DISCUSSION

**The Secretary's Objection Based on Venue**

Relying on a reading of 42 U.S.C. § 1395ff(b)(2)(C)(iii) that allowed for suit in the Secretary's home district (consistent with traditional notions of venue), this suit was filed naming three plaintiffs seeking to litigate the same legal issue: collateral estoppel. That is, the Plaintiffs allege that the Secretary is improperly forcing them to re-litigate an issue they previously litigated and won. In this way, the continued litigation itself is part of the harm suffered by the Plaintiffs.

Likewise, counsel filed *Oxenberg, et al. v. Azar*, Case No. 20-cv-00074 (Lamberth, J.),[1] on behalf of 10 other plaintiffs suffering from the same condition and seeking to litigate the same legal issue: collateral estoppel.  Because both cases were assigned to the same judge, a single judge in a single district, would have been able to decide 13 cases based on a common legal issue.

On further review, plaintiffs do not dispute that 42 U.S.C. § 405(g)'s venue provision (rather than § 1395ff(b)(2)(C)(iii)'s) is applicable in this case.

That said, compliance with a venue statute is a matter that may be waived by a defendant. *See* Fed. R. Civ. P. 12(b).  In the present case, the Secretary is choosing to object to venue in his home district.  By doing so, rather than a single judge deciding an issue applicable to 13 cases, in combination with the *Oxenberg* case, 10 judges in 10 different districts across the United States will be forced to consider the same issue.  It is unfortunate that, in cases alleging the Secretary is improperly re-litigating matters and wasting judicial resources thereby, the Secretary has chosen to cause this massive waste of additional judicial resources.

**The Cases Should be Severed and Transferred**

Where an objection to venue is made and sustained, pursuant to 28 U.S.C. § 1406(a), the Court may dismiss the case or, if in the interest of justice, transfer the case to a district in which it could have been brought.  As a general matter, when transfer is possible, the interest of justice requires transfer rather than dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1982).  An additional factor favoring transfer, rather than dismissal, is whether the post-filing expiration of a statute of limitations would bar/potentially bar re-filing. *See, e.g., Bell v. Esper*, No. 18-2277 (RC), 2019 WL 6910032 (D.D.C. December 19, 2019) (transfer because 60-day window to file

---

[1] In light of the Secretary's objection in this case, the *Oxenberg* case was dismissed without prejudice on February 4, 2020.  Rather than a single case in this district, in order to obtain the same relief, 7 cases are in the process of being filed across the United States.

MSPB claim had passed); *De Leon v. KBR, Inc.*, Civ. No. 11-685 ACK-BMK, 2012 WL 1606068 (D. Haw. May 8, 2012).

Pursuant to 42 U.S.C. § 405(g), a party appealing a final, negative decision by the Secretary must file suit within 60 days.  As noted in the Complaint, Mr. Wilmoth received the final negative decision appealed in this case on October 15, 2019.  *See* Dkt. No. 1, ¶ 30.  Accordingly, if Mr. Wilmoth's case were dismissed, he may be barred from re-filing because the 60-day deadline to file suit passed in December 2019.

While it is not believed that Mr. Banks and Ms. Piekanski would be time barred from re-filing in the event of dismissal, dismissing their cases would only lead to additional delay.

Accordingly, pursuant to Rule 21 of the Federal Rules of Civil Procedure, Plaintiffs request that each of the Plaintiff's cases be severed from the other and transferred to the appropriate district.  Mr. Wilmoth's case would be transferred to the Northern District of Mississippi, Mr. Bank's case would be transferred to the Northern District of Alabama, Ms. Piekansk's case would be transferred to the Middle District of Pennsylvania.  Transfer to each of these districts is proper because the cases could have been filed there originally.

It does not appear that the Secretary opposes severing and transferring the cases as proposed.  *See* Dkt. No. 11 at 8.

## CONCLUSION

For the reasons set forth above, the Secretary's motion to dismiss should be denied.  Each of the Plaintiff's cases should be severed from the other and the cases transferred to the appropriate district.

Dated:  February 6, 2020						Respectfully submitted,


								/s/Daniel Z. Herbst
								Daniel Z. Herbst (Bar No. 501161)
								Mark D. Quist (Bar No. 1552500)
								REED SMITH LLP
								1301 K Street, NW
								Suite 100-East Tower
								Washington, DC 20005
								(202) 414-9232
								(202) 414-9184
								dherbst@reedsmith.com
								mquist@reedsmith.com

										*and*

								PARRISH LAW OFFICES
								James C. Pistorino (*Admitted Pro Hac Vice*)
								788 Washington Road
								Pittsburgh, PA 15228
								Telephone: (412) 561-6250
								Facsimile:  (412) 561-6253
								james@dparrishlaw.com

								*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of this electronic filing to all counsel of record.

          */s/ Daniel Z. Herbst*
          Daniel Z. Herbst