# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY WILMOTH, JR., *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> ALEX AZAR, in his capacity as Secretary of the United States Department of Health and Human Services, <br><br> *Defendant.* | Case No. 19-cv-03556-RCL |

## PLAINTIFFS' OPPOSITION TO MOTION TO STAY

Plaintiffs Roy Wilmoth, Jr., Edwin R. Banks, and Maureen Piekanski (collectively, "Plaintiffs") file their Opposition to the Secretary's motion to stay.[1] The gist of the Secretary's motion is that the Secretary believes that his motion will be granted and, therefore, that neither briefing on the pending motion for summary judgment nor production of the Certified Administrative Record should proceed. The Secretary further argues that a stay is appropriate because the Secretary will not abide by the parties' prior agreement or the Court's Scheduling Order in any event.

These, and the Secretary's other comments, are without merit and the motion to stay should be denied.

## BACKGROUND

This case was filed on November 26, 2019 and the Secretary was served, at the latest, on December 4, 2019. As noted in the Complaint, each of the Plaintiffs is suffering from a particularly

---

[1] Despite multiple requests by Plaintiffs, the Secretary declined to withdraw his motion to stay.

lethal form of brain cancer. Each of the Plaintiffs previously litigated, and won, the issue of whether their brain cancer treatment is a covered benefit. The Plaintiffs contend that the Secretary is improperly forcing Plaintiffs to re-litigate the matter time and again. Accordingly, as set forth in the Complaint, the Plaintiffs assert that the Secretary is barred by collateral estoppel from denying coverage for their treatment.

As provided for by the Federal and Local Rules of Civil Procedure, concurrent with the Complaint, Plaintiffs served a motion for summary judgment attaching all the evidence needed to address the issues presented in Plaintiffs' motion for summary judgment. Because the motion turns on collateral estoppel, the evidence in support of the motion is the final, favorable decision(s) the Plaintiffs received in earlier cases and the decisions on the denied claims. Of course, the prior final decisions are not part of the Record in the appealed cases. In the appealed cases, the only relevant information is the decisions denying coverage.

Given service of the motion for summary judgment on December 4, 2019, pursuant to LCvR 7(b), any opposition would have been due on December 18, 2019. When no opposition or appearance was made by December 27, 2019, Plaintiffs' counsel contacted the U.S. Attorney's Office. Subsequently, it was determined that an Assistant United States Attorney (AUSA) had only been assigned on December 16, 2019 and that AUSA was unaware of the motion for summary judgment even on December 27, 2019 (after the deadline for a response under the local rules passed on December 18, 2019).

The parties disagreed, *inter alia*, about when a response to the motion for summary judgment had been or was due, whether the local rules precluded the filing of a motion for summary judgment with the Complaint, the need for a certified copy of the Record to consider the motion, etc. In order to avoid these disputes, and the potential for further delay, the parties agreed

2

on a schedule of "substantive" opposition to the motion for summary judgment as well as production of the CAR. The agreed schedule was subsequently entered as an Order by this Court on January 9, 2020.

## DISCUSSION

**The Secretary's Position Is Without Merit**

As set forth in Plaintiffs' opposition to the Secretary's motion to dismiss, given the Secretary's objection to venue, the appropriate resolution would be for each Plaintiff's case to be severed and transferred to their respective districts. Thus, as these cases will proceed, the Secretary's basic premise that granting the Secretary's motion to dismiss will render briefing on Plaintiffs' motion for summary judgment and production of the CAR moot is without basis. The transfer of the cases should not impact the need for responsive summary judgment briefing or production of the CAR. The transferee courts will have those materials and can choose how to proceed with them in hand. Indeed, with the briefing complete and the CAR produced, those courts could proceed with consideration of the motion without further delay. Proceeding in this fashion will minimize delay.

Of course, Plaintiffs do not dispute or challenge this Court's power to control its docket or proceed in whatever fashion it chooses. That said, a number of the Secretary's procedural arguments are inapposite or without merit. First, for the reasons set forth in Plaintiffs' opposition to the Secretary's motion to dismiss, dismissal is not in the interest of justice. Thus, all the cases discussing staying summary judgment briefing while a motion to dismiss is pending simply do not apply. Second, nothing in the Advisory Committee Comments to FED.R.CIV.P. 56 indicate that Plaintiffs' motion for summary judgement was premature or "encourage" courts to prevent the filing of a motion for summary judgment at the start of the case. Instead, the comments indicate

that a motion for summary judgment may be filed with the commencement of the case. Further, the comments indicate that, depending on the facts, such a practice may or may not be appropriate and the court can issue orders "to fit the needs of the case." As Plaintiffs noted in their motion for summary judgment, APA cases favor early motions for summary judgment. *See American Hospital Assoc. v. HHS*, 2018 WL 577397 (D.D.C. Nov. 2, 2018) (Bates, J.) (motion for summary judgment filed concurrently with Complaint appropriate, especially in APA cases).

The Secretary's argument to stay preparing and producing the CAR likewise is not supported. As Plaintiffs' motion for summary judgment is founded on collateral estoppel, the only applicable evidence needed to adjudicate the summary judgment motion is the final decisions denying coverage as well as the non-Record prior, final, favorable decisions granting coverage. All of this evidence was attached to the motion for summary judgment. Thus, the Secretary's claims regarding the CAR are difficult to credit and the Secretary has not even shown the need for the CAR (as opposed to the final decisions denying coverage and the non-Record materials).

The Secretary's arguments that both the AUSA and the Secretary's office are busy with a significant amount of litigation does not justify further delay. Indeed, the argument supports the reason to proceed expeditiously. Plaintiffs contend that the Secretary is multiplying the litigation by forcing them to relitigate coverage of their brain cancer treating device, when that issue was previously decided in each Plaintiff's favor. In this case the Secretary has further chosen to multiply the litigation be objecting to venue in his home district, which will result in three appeals. Thus, what was a single case, will now become three decided by three different district judges in

4

different states.² That the Secretary argues that he is busy is a problem of the Secretary's own making through his chosen litigation strategy.

Finally, there is no merit to the Secretary's claim that staying briefing and production will not cause prejudice or harm the Plaintiffs. Plaintiffs alleged in the Complaint and maintain that the forced re-litigation itself is the harm they are suffering and delay in resolution is part of that harm. As noted, each of the Plaintiffs is suffering from a lethal form of brain cancer. Rather than concentrating on their recovery, the Secretary has forced Plaintiffs to engage in repeated litigations about whether they will receive the life extending treatment. Thus, avoidance of delay is critical.

In this regard, the Secretary's comments regarding financial hardship to Plaintiffs reflects a lack of appreciation of the circumstances the Secretary's improper denials places them in. Plaintiffs need the life extending treatment on a continuing basis. There is no basis for the Secretary's argument that a third party will continue to provide that treatment at its own expense indefinitely while the Secretary works to multiply the litigations regarding coverage.

There is no reason to stay briefing on the motion for summary judgment or production of the CAR, and doing so would prejudice Plaintiffs. The Secretary's motion to stay should be denied.

**The Secretary's Motion to Stay Dishonors the Parties' Agreement**

A particularly troubling aspect of the Secretary's motion relates to production of the CAR and substantively responding to Plaintiffs' motion for summary judgment. While Plaintiffs do not

---

² Indeed, the Secretary's objection to venue in his home district caused the dismissal of the companion *Oxenberg* case. As a result, what was one case, will now become seven cases filed across the country. Indeed, as of this writing, new cases have already been filed in California, New York, Pennsylvania, Texas, and Wisconsin. Within days, additional cases will be filed in Florida (two) and Ohio. Given the 5-10 fold multiplication of proceedings the Secretary's venue objection has caused (as well as the proceedings themselves), it is difficult to credit the Secretary's claims regarding avoiding expense and wasting resources.

believe that the CAR is needed to decide their motion for summary judgment, Plaintiffs understand that the Secretary contends otherwise.

In order to avoid procedural fights about responding to Plaintiffs' motion for summary judgment, unnecessary briefing, and further delay, Plaintiffs agreed to modify various deadlines such that a "substantive response" to the motion for summary judgment was due on February 28, 2020 along with production of the CAR. This represented a 72-day extension on responding to the motion for summary judgment and a 28-day extension on responding to the Complaint and producing the CAR.

The declaration of Ms. Roach submitted in support of the Secretary's motion to stay reveals that her office was not contacted about production of the CAR until January 6, 2020 - more than a month after the Complaint was served. Ms. Roach also appears to indicate that her office informed counsel that the CAR would not be produced until March 13, 2020 and that that production could not be expedited. *See* Roach Declaration at ¶¶ 4, 7, and 8.

Accordingly, it appears that, although the Secretary was informed that the CAR would not be made available until March 13, 2020, the Secretary negotiated an agreement with Plaintiffs where he agreed to produce the CAR no later than February 28, 2020. Further, the Secretary agreed to "substantively" respond to the motion for summary judgment on that same date. Relying on that agreement, a joint motion for an extension was filed and the Court issued a Scheduling Order including those requirements.

Having achieved the benefit of the parties' bargain and delay, the Secretary asks the Court to absolve him of his commitments. Particularly troubling is that, apparently, it was known that the CAR could not be produced timely even before the agreement was made. Given that the same briefing and CAR (the Secretary contends) will be needed no matter who the decision maker is,

this is not a case where an agreement was rendered moot or impossible to perform by subsequent developments.  Instead, this is simply a case where a party made a commitment and is choosing not to honor it.

The prejudice to Plaintiffs is clear.  First, the whole point of the prior agreement was to avoid the addition delay and briefing that is the purpose of the Secretary's motion to stay.  Second, given the Secretary's arguments, the non-production of the CAR will be yet another reason the Secretary will contend that there should be delay.  Likewise, the absence of a response on the motion for summary judgment will mean that there will be delay in consideration by the decision maker, whomever that may be.

The Secretary should be required to honor his agreements.

## CONCLUSION

For the reasons set forth above, the Secretary's motion to stay should be denied and compliance with the parties' agreement and Scheduling Order compelled.


Dated:  February 11, 2020                                              Respectfully submitted,


/s/Daniel Z. Herbst_____
Daniel Z. Herbst (Bar No. 501161)
Mark D. Quist (Bar No. 1552500)
REED SMITH LLP
1301 K Street, NW
Suite 100-East Tower
Washington, DC 20005
(202) 414-9232
(202) 414-9184
dherbst@reedsmith.com
mquist@reedsmith.com

*and*

PARRISH LAW OFFICES
James C. Pistorino (*Admitted Pro Hac Vice*)
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile: (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of this electronic filing to all counsel of record.

                                                              */s/ Daniel Z. Herbst*
                                                              Daniel Z. Herbst