IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY WILMOTH, JR. *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Alex M. Azar II, in his official capacity as Secretary of the United States Department of Health and Human Services, <br><br> *Defendant*. | Civ. A. No. 19-3556-RCL |

**DEFENDANT'S RESPONSE TO
PLAINTIFFS' "NOTICE OF DEFENDANT'S NON-COMPLIANCE"**

On January 8, 2020, the parties filed a joint motion to extend time to February 28, 2020 for Defendant to file an answer, serve a copy of the administrative record, and submit an opposition to a summary judgment motion that Plaintiffs filed along with their complaint. On January 9, 2020, the Court granted that motion and entered the parties' proposed order. Thereafter, Defendant discovered that the District of Columbia was an improper venue for Plaintiffs' suit – a conclusion conceded by Plaintiff. See ECF No. 13 at 1 ("Plaintiffs' cases should be severed . . . and . . . transferred"). As a result of that discovery, Defendant filed its Motion to Dismiss (/Transfer) [ECF No. 11] and Motion to Stay all proceedings [ECF No. 12] pending resolution of the Motion to Dismiss (/Transfer), well in advance of the Order's February 28, 2020 deadline. Having done so, Defendant cannot fairly be deemed non-compliant.

First, Federal Rule of Civil Procedure 6(b) entitles a party to seek an extension of time to perform a required act. When a request for the extension of a deadline is made by a party "*before* the original time or its extension expires," the Rule permits a court to grant the extension *after* the

deadline passes. *See* Fed. R. Civ. P. 6(b)(1)(A) (emphasis added). *See also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990); *Jordan v. U.S. Dep't of Justice*, 315 F. Supp. 3d 584, 594 (D.D.C. 2018). Deeming Defendant non-compliant under these circumstances would amount to reading Rule 6(b) to automatically deny any pending motion to extend that has not been granted before the deadline it seeks to expand expires. That would either usurp courts' explicit power to grant such motions *nunc pro tunc* or put courts on a movant's clock in a manner that neither the Rules nor the Supreme Court has imposed.

Second, the deadlines were rendered moot by the parties' agreement that Plaintiffs' cases should be severed and transferred. Further briefing on Plaintiffs' summary judgment motion would be futile, because this Court will not decide it. Instead, Plaintiffs must file amended complaints in each of the three transferee courts, in order to remove reference to the two plaintiffs who are no longer parties.

Finally, in addition to having timely filed motions to both dismiss/transfer and stay the case, Defendant should not be deemed non-compliant, because production of the certified record is beyond its control and, in any event, will be available by the end of the week. Plaintiffs' insistence upon the production of the certified record is also puzzling, because they argue that this case should be decided without it. *See, e.g.*, Plaintiffs' Opposition to Motion to Stay [ECF No. 14] at 2, 4 (arguing certified record unnecessary for summary judgment).

Because Defendant filed its motion to dismiss and motion to stay well in advance of any deadlines, and this case must be transferred or dismissed, Defendant should not be considered non-compliance with the Scheduling Order.

Dated: March 9, 2020

Respectfully submitted,

TIMOTHY J. SHEA, D.C. Bar # 437437
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: */s/ John Moustakas*
John Moustakas, D.C. Bar #442076
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for Defendants*

Robert P. Charrow
General Counsel

Michele L. Purdue
Acting Chief Counsel, Region III

Eric S. Wolfish
Assistant Regional Counsel
Office of the General Counsel, Region III
U.S. Department of Health and Human Services
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
Eric.Wolfish@hhs.gov

*Of Counsel*